UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BADER FAMILY FOUNDATION,<br>1236 N. Stafford St., Arlington, VA 22201<br><br>                              Plaintiff,<br>   v.<br><br>UNITED STATES DEPARTMENT OF<br>EDUCATION,<br>400 Maryland Ave., SW, Washington, DC 20202<br><br>                              Defendant. | Civil Action No. 23-950 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff alleges as follows, against the Defendant, United States Department of Education:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiff seeks to compel production under a FOIA request it submitted on February 13, 2023, seeking specified communications about charter schools and a controversial federal regulation about grants for charter school developers and charter management organizations.

3) Defendant has failed to provide plaintiff with either the records requested in its FOIA request, or the determination in response to plaintiff's FOIA request mandated by 5 U.S.C. § 552(a)(6)(A)(i).

4) FOIA generally requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. As the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the

1

documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

5) That 20 day deadline expired on March 14, 2023.

6) But on that date, Defendant neither provided a determination about what records will be produced, nor produced any records in response to plaintiff's request.

7) Instead, on March 14, 2023, Defendant issued a "20-Day Notification" letter, which stated, "Due to the unusual circumstances that exist with your FOIA requests as defined by U.S.C. § 552(a)(6)(B)(i)(ii), the Department will not be able to respond by the 20 day statutory requirement."

8) The letter did not, however, list an "extended" date for compliance with FOIA, or the "date on which a determination is expected to be dispatched," as is mandated by 5 U.S.C. § 552(a)(6)(B)(i) when an agency seeks an extension based on "unusual circumstances."

9) Thus, it did not validly extend the deadline for issuing a determination.

10) Even if citing "unusual circumstances" automatically extended the deadline by "ten working days" despite this failure, ten additional working days elapsed on March 28, 2023.

11) But by that date, Defendant had neither provided a determination about what records will be produced, nor produced any records in response to plaintiff's request.

12) Defendant still has provided no such determination.

13) Due to Defendant's failure to provide any such determination, plaintiff has filed this lawsuit to compel it to comply with the law.

## PARTIES

14) The plaintiff, the Bader Family Foundation (BFF), is a non-profit, 501(c)(3) tax-exempt foundation that focuses on educational and civil-liberties issues. It supports non-profits (including media entities) that study and publish reports about educational issues, and that use freedom of information laws to shed light on the operations of government. It and one of its trustees have filed court briefs in multiple education-law cases.[1] A BFF trustee, Hans Bader, is a former employee of the Education Department's Office for Civil Rights.[2]

15) United States Department of Education is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered at 400 Maryland Ave., SW, Washington, D.C. 20202. Defendant has possession, custody, and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

16) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and also 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

17) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and also under 28 U.S.C. § 1391(e)(1), for three independent reasons: because FOIA vests venue in this court, 5 U.S.C. § 552(a)(4)(B); because defendant is located in Washington, D.C.; and also because the records are located in Washington, D.C.  Each is a separate and independent basis for venue.

---

[1] *See, e.g., Brief of the Bader Family Foundation and Hans Bader as Amici Curiae in Support of Plaintiff-Appellant and Reversal* in *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2001) (No. 20-3289) (filed, June 3, 2020) (amicus brief in support of professor's successful First Amendment appeal), https://tinyurl.com/yc7639w7;
[2] *See* George Will, *'Alice in Wonderland' coercion*, Oklahoman, May 26, 2013, available at https://www.oklahoman.com/article/3833883/george-f-will-alice-in-wonderland-coercion ("Hans Bader" is a "former OCR lawyer").

## FACTUAL AND STATUTORY BACKGROUND

18) On February 13, 2022, plaintiff submitted a FOIA request to Defendant requesting the following records:

    All communications (other than comments posted at Regulations.Gov) between March 1, 2022, and the date you process this request, that either

    (1) are with Ruth Ryder, and mention the criteria or priorities for federal grants to charter school developers or charter management organizations; or

    (2) are with the National School Boards Association, the National Education Association, the American Federation of Teachers (including any officer or employee of the National School Boards Association, the National Education Association, or the American Federation of Teachers, such as Randi Weingarten, Becky Pringle, Evelyn DeJesus, or Princess Moss); and mention charter schools, charter school developers, or charter management organizations; and which were also sent or received by Miguel Cardona, Ruth Ryder, Cindy Marten, James Lane, Sheila Nix, Roberto Rodriguez, Gwen Graham, or the Secretary's Chief of Staff or any person performing the functions and duties of the Assistant Secretary, Office of Elementary and Secondary Education, or any secretary or personal assistant to Miguel Cardona in the Office of the Secretary; or

    (3) mention the National School Boards Association, the National Education Association or the American Federation of Teachers (or Randi Weingarten, Becky Pringle, Evelyn DeJesus, or Princess Moss); and also mention charter schools, charter school developers, or charter management organizations; and which are sent or received by Miguel Cardona, Ruth Ryder, Cindy Marten, James Lane, Sheila Nix, Roberto Rodriguez, Gwen Graham, or the Secretary's Chief of Staff or any person performing the functions and duties of the Assistant Secretary, Office of Elementary and Secondary Education, or any secretary or personal assistant to Miguel Cardona in the Office of the Secretary; or

    (4) that discuss or mention whether it was consistent with the constitutional separation of powers, or violated the Constitution's Appointments Clause, for Ruth Ryder to have issued the proposed rule about grants to charter school developers and charter management organizations found at 87 Fed. Reg. 14197 (Mar. 14, 2022), or the final rule found at 87 Fed. Reg. 40,406 (July 6, 2022).

19) The FOIA request was jointly submitted by plaintiff and the blog *Liberty Unyielding*.

20) In response to the FOIA request, Defendant sent an email on February 13, 2023 acknowledging plaintiff's FOIA request, with the subject line "Request

Acknowledgement by Department of Education." The email stated, "Request #23-01016-F has been assigned to the request you submitted. In all future correspondence regarding this request, please reference FOIA tracking number 23-01016-F."

21) FOIA, in 5 U.S.C. § 552(a)(6)(A)(i), requires an agency to make a determination in response to a FOIA request within 20 working days from its date of receipt.

22) But Defendant did not make a determination in response to plaintiff's request within 20 business days from its date of receipt.

23) March 14, 2023 was 20 working days after the day Defendant received plaintiff's request.

24) No determination in response to plaintiff's FOIA request was made by then.

25) Nor has any such determination been made, as of the date this lawsuit was filed.

26) Instead, on March 14, Defendant issued a "20-Day Notification" Letter stating that "Due to the unusual circumstances that exist with your FOIA requests as defined by U.S.C. § 552(a)(6)(B)(i)(ii), the Department will not be able to respond by the 20 day statutory requirement."

27) Extensions based on unusual circumstances are presumptively for no more than "ten working days." *See* U.S.C. § 552(a)(6)(B)(i).

28) Defendant's March 14 letter did not state that it needed an extension of more than ten days.

29) More importantly, Defendant did not make the findings that must accompany an extension of more than ten days.

30) Defendant's March 14 letter did not, as 5 U.S.C. § 552(a)(6)(B)(ii) mandates for extensions of greater than ten days, "provide the person an opportunity to limit the scope

5

of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."

31) So even if Defendant validly extended the deadline with its "unusual circumstances" claim, it did not extend the deadline by more than ten working days, so Defendant could not take more than 30 working days to issue a determination in response to plaintiff's request.

32) More than 30 working days have elapsed since Defendant received plaintiff's request.

33) Under FOIA, an agency must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

34) Defendant provided no such information to plaintiff, even though plaintiff's request reasonably described the records it sought.

35) Instead, Defendant has improperly withheld agency records.

36) Due to Defendant's failure to comply with the statutory deadline, plaintiff has exhausted administrative remedies, and can now sue.

37) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i); *see CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013).

38) Plaintiff's FOIA request contained a request for a fee waiver.

39) On February 14, 2023, Defendant granted the fee-waiver request, in a letter from Elise Cook in its FOIA Service Center.

40) That February 14, 2023 letter stated, "You have asked for a waiver of all fees, including duplication fees, associated with processing your request based on your requester category as News Media requester. Based on the information you submitted for a fee waiver, that request is granted."

41) Accordingly, plaintiff is entitled to the production of the responsive records without paying any fees.

42) Moreover, since defendant did not comply with FOIA's deadlines for issuing a determination, it has waived the right to collect fees, such as search fees, for processing plaintiff's FOIA request.

43) In *Bensman v. National Park Service*, 806 F.Supp.2d 31 (D.D.C. 2011), this Court noted that "the 2007 [FOIA] Amendments … impose consequences on agencies that …. fail to comport with FOIA's requirements….To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with any time limit' of FOIA." *See also* 5 U.S.C. § 552(a)(4)(A)(viii)(I).

44) Even if defendant's invocation of "unusual circumstances" had been valid, which it was not, it cannot charge search or duplication fees because it did not respond within "an additional ten days" of the general 20 working day deadline for responding to plaintiff's FOIA requests. *See* 5 U.S.C. § 552(a)(4)(A)(viii)(I) & 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa).

45) Moreover, it would be inappropriate to charge fees for an additional reason: the records sought in plaintiff's FOIA request are of great public interest, and producing them would be of public benefit. Charter schools are a subject that has given rise to frequent news coverage and editorial commentary in publications like the Wall Street Journal and Washington Post. The rule about grants for charter school developers and charter management organizations that is a focus of plaintiff's FOIA request has resulted in controversy and litigation in federal court.[3] When responsive records are produced to plaintiff in FOIA lawsuits, they are disseminated to the Liberty Unyielding blog, which publicly posts such records, and thus makes them available to the public, resulting in news coverage.[4]

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

46) Plaintiff re-alleges paragraphs 1-45 as if fully set out herein.

47) Defendant is improperly withholding agency records.

48) Plaintiff asks this Court to enter a judgment declaring that:

    a.    Plaintiff is entitled to the records described in its FOIA requests, and any attachments thereto;

---

[3] *See, e.g., Michigan Association of Public School Academies v. U.S. Department of Education,* W.D. Mich. Civil Action No. 1:22-cv-00712; Naaz Modan, *Ed Dept's new charter rule challenged in Michigan lawsuit*, K-12 Dive, Aug. 10, 2022, https://www.k12dive.com/news/ed-depts-new-charter-rule-challenged-in-michigan-lawsuit/629325/.

[4] *See, e.g.,* Ashe Schow, *Biden Administration Knew Its Racial Preferences For COVID Relief Were Unconstitutional, Went Ahead Anyway*, Daily Wire, Aug. 21, 2021 (quoting & linking to records posted by the Liberty Unyielding blog that were produced in a Bader Family Foundation FOIA lawsuit) (available at https://www.dailywire.com/news/biden-administration-knew-its-racial-preferences-for-covid-relief-were-unconstitutional-went-ahead-anyway). Daily Wire stories have many readers. Similarweb states that the Daily Wire had 19.9 million visits to its web site in January 2023, a higher number than the Boston Globe and Baltimore Sun. *See* https://www.similarweb.com/website/dailywire.com/

    b.     Defendant's processing of plaintiff's FOIA requests is not in accordance with the law, and does not satisfy Defendant's obligations under FOIA;

    c.     Defendant has a duty to produce the records responsive to plaintiff's FOIA requests;

    d.     Defendant has a duty to produce them without charging any fees.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

49) Plaintiff re-alleges paragraphs 1-48 as if fully set out herein.

50) Plaintiff is entitled to injunctive relief compelling Defendant to produce the records described in plaintiff's FOIA requests, without charging any fees.

51) Plaintiff asks the Court to issue an injunction ordering Defendant to produce to plaintiff, within 10 business days of the date of the order, the records sought in plaintiff's FOIA requests, and any attachments thereto.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

52) Plaintiff re-alleges paragraphs 1-51 as if fully set out herein.

53) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

54) This Court should enter an injunction ordering Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other relief as the Court shall deem proper.

    Respectfully submitted this 6th day of April, 2023,

                                                               /s/ Hans F. Bader
                                                                 Hans F. Bader
                                                       D.C. Bar No. 466545
                                                      hfb138@yahoo.com
                                                      1236 N. Stafford St.
                                                      Arlington, VA 22201
                                                      (703) 399-6738

*Attorney for Plaintiff*